UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HARBOR THIRTEEN MILE- 20600 LLC, ET AL.,

        Plaintiffs,

v.

EMPLOYEES' RETIREMENT PLAN OF CONSOLIDATED ELECTRICAL DISTRIBUTORS, INC., ET AL.,

        Defendants.
                              /

Case No. 15-14066

Honorable Nancy G. Edmunds

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' COMPLAINT [7]**

This civil fraud action arises out of Plaintiffs' default on a commercial loan held by Defendant Employees' Retirement Plan of Consolidated Electrical Distributors, Inc. ("Retirement Plan"). According to the complaint, the Retirement Plan fraudulently issued a series of inaccurate foreclosure notices in attempt to prevent Plaintiffs from paying the loan off in a timely fashion. At this juncture, all that remains is a single fraud claim–pled over two separate counts–against the Retirement Systems, its agent, and the loan servicer.[1]

Currently before the Court is Defendants' motion to dismiss Plaintiffs' complaint. (Dkt. # 7). For the reasons that follow, the Court GRANTS Defendants' motion.

---

[1] Plaintiffs concede that their claim for breach of the implied covenant of good faith and fair dealing is not recognized under Michigan law. (Plfs.' Resp. 8) ("Count III may be dismissed without prejudice if the [C]ourt believes this is warranted.")

**I.     FACTS**

In 1998, Plaintiff Harbor Thirteen entered into a loan transaction with Charter One Bank, N.A. to purchase commercial real estate located at 20600 13 Mile Road, Roseville, Michigan (the "Property").  The loan was secured by a mortgage on the Property and a personal guaranty executed by Craig Schubiner.  On or around May 31, 2005, Charter One assigned the loan to the Retirement Plan. (Second Amend. Compl. ¶ 8).  At the time of assignment, Plaintiffs' balance on the loan was approximately $4.6 million.  (*Id.* at ¶ 9). Between 2005 and 2013, the terms of the loan were modified on several occasions to adjust the principal balance and the maturity date. *See* (Defs.' Mot., Ex. 2 Macomb County Circuit Court, Case No. 14-0947-CB Opinion and Order at 2).

According to Defendants, in early 2014 Plaintiffs defaulted on the loan.  Shortly thereafter, the Retirement Plan accelerated the debt and initiated the foreclosure process. (*Id.*)  Plaintiffs failed to pay as demanded, and the Retirement Plan filed a claim and delivery/breach of contract action in Macomb County Circuit Court against Schubiner and Harbor Thirteen.  ("Macomb County Action") On January 12, 2016, the circuit court granted the Retirement Plan's motion for summary disposition against Schubiner, finding him personally liable for the loan under the terms of the guaranty. (*Id.* at 5).[2]

Less than one month after the circuit court's decision, Harbor Thirteen filed the instant action against the Retirement Plan, its agent, and the loan servicer alleging fraud and breach of a duty of good faith and fair dealing.  According to the complaint, "Defendants have failed and/or refused to provide a valid payoff amount and have changed repeatedly

---

[2] Based on the record before the Court, it is unclear whether the Retirement Plan prevailed on its claim against Harbor Thirteen.

the amount claimed as due without explanation or validation." (Compl. ¶ 15). More specifically, Plaintiffs maintains that "[u]pon information and belief, Defendant Williams intentionally and fraudulently issued . . . 'mistaken' [foreclosure] notices in an attempt to frustrate Harbor's ability to pay off the loan." (*Id.* at ¶ 26). These allegations form the primary basis of this dispute.

## II. LEGAL STANDARD

### A. Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

The Sixth Circuit recently noted that under the United States Supreme Court's heightened pleading standard laid out in *Bell Atl. Corp. v. Twombly,* 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), "a complaint only survives a motion to dismiss if it contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Estate of Barney v. PNC Bank, Nat'l Assoc.,* 714 F.3d 920, 924-25 (6th Cir. 2013) (internal quotations and citations omitted). The court in *Estate of Barney* goes on to state that under *Iqbal*, "[a] claim is plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (internal quotations and citations omitted). Furthermore, "[w]hile the plausibility standard is not akin to a 'probability requirement,' the plausibility standard does ask for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.' " *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). If the plaintiffs do "not nudge[ ] their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570. Finally, the Court must

always keep in mind that "on a motion to dismiss, courts are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* at 555.

Moreover, "documents attached to the pleadings become part of the pleadings and may be considered on a motion to dismiss." *Commercial Money Ctr., Inc. v. Ill. Union Ins. Co.*, 508 F.3d 327, 335 (6th Cir.2007) (citing Fed.R.Civ.P. 10(c)). "A court may also consider matters of public record in deciding a motion to dismiss without converting the motion to one for summary judgment." *Id.* at 336. In addition documents not attached to the pleadings may still be considered part of the pleadings when the "document is referred to in the complaint and is central to the Plaintiffs' claim." *Greenberg v. Life Ins. Co. of Va.*, 177 F.3d 507, 514 (6th Cir.1999) (internal quotation marks and citations omitted).

## III. ANALYSIS

Defendants argue that Plaintiffs' fraud claims should be dismissed for two reasons: First, they maintain that Plaintiffs have failed to satisfy the heightened pleading standard imposed under Federal Rule of Civil Procedure 9(b) and, additionally, that "nothing in the amended complaint could be construed as alleging reliance." (Defs.' Mot. at 6). In the alternative, Defendants contend that Plaintiffs' claims are barred under the doctrine of *res judicata* because they "involve the same issues and require marshalling the same evidence as in the" Macomb County Action. *Id.* at 12. The Court not need assess the merit of Defendants' *res judicata* argument in light of the numerous pleading deficiencies plaguing Plaintiffs' complaint.

### A. Sufficiency of Fraud Allegations

Under Rule 9(b), a party asserting fraud in federal court must state "with particularity" the circumstances constituting the fraud. Fed.R.Civ.P. 9(b). That means the complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." *Indiana State Dist. Council of Laborers and Hod Carriers Pension and Welfare Fund v. Omnicare, Inc.*, 583 F.3d 935, 942–43 (6th Cir. 2009) (quotation marks and citation omitted). In addition, the plaintiff must identify the "alleged misrepresentation on which he or she relied; the fraudulent scheme; the fraudulent intent of [the other party]; and the injury resulting from the fraud." *Coffey v. Foamex L.P.*, 2 F.3d 157, 161–62 (6th Cir.1993) (quotation marks and citations omitted). "Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed.R.Civ.P. 9(b). The elements of fraud in Michigan are:

> (1) [t]hat defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth, and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury.

*Hi–Way Motor Co. v. International Harvester Co.*, 398 Mich. 330, 336, 247 N.W.2d 813, 816 (Mich. 1976).

Plaintiffs' fraud claim is premised on the following universe of allegations:

> 19. [O]n or about March 20, 2014, Defendant Williams caused to be served and published a foreclosure notice against Harbor.
>
> 21. [O]n or about April 7, 2014, Defendant Williams caused to be served and published a second foreclosure notice against Harbor.
>
> 23. There was no basis for the amounts alleged in either foreclosure notice, nor was there a basis for the increase in the second notice . . . .

5

> 25. Upon information and belief, Defendant Williams intentionally and fraudulently issued these 'mistaken' notices in an attempt to frustrate Harbor's ability to pay off the loan.

In essence, then, Plaintiffs assert that Defendant Williams–an agent of the Retirement Plan–intentionally falsified the payoff amount on the foreclosure notices to prevent Harbor Thirteen from redeeming its property. But even if this was true, Plaintiffs do not allege that they took any action in reliance on these purported misstatements. On the contrary, with respect to the first foreclosure notice, Plaintiffs concede that "[b]efore Harbor 13 could even endeavor to seek financing to pay off that amount, just 18 days later, Defendants published a second foreclosure notice in the Macomb County Legal news . . . ." (Plf.'s Resp. 5). In other words, Plaintiffs readily admit that the second notice was published before it had any opportunity to rely on the first.

Nor do Plaintiffs detail how, if at all, they relied on the second notice–which contained a higher payoff amount than the first–to their detriment. In fact, nowhere in the complaint do Plaintiffs allege that they was denied financing or otherwise prejudiced based on their reliance on the foreclosure notices. And this is critical; Michigan courts have "frequently reiterated that, to sustain a fraud claim, the party claiming fraud must reasonably rely on the material misrepresentation." *Zaremba Equip., Inc. v. Harco Nat'l Ins. Co.*, 280 Mich. App.16, 39, 761 N.W.2d 151, 165 (Mich. Ct. App. 2008). Here, the crux of Plaintiffs' fraud claim rests on the assertion that the discrepancy between the two notices "frustrated" their ability to pay off the loan. But Plaintiffs have not, and seemingly cannot, establish that they reasonably relied on the purported misstatements to their detriment. In this way, the complaint is missing two elements necessary to support a cognizable fraud claim in Michigan- reliance and damages. *See Metz v. Unizan Bank*, No. 05-1510, 2008 WL

2017574, at *13 (N.D. Ohio May 7, 2008), *aff'd* 649 F.3d 492 (6th Cir. 2011) ("Plaintiffs also fail to allege facts demonstrating reliance. In support of the reliance element, the [a]mended [c]omplaint states only that Plaintiffs 'justifiably relied on the representation that money was going to [Lomas or Serengeti] to their detriment.' This statement is not a factual allegation; it is a legal conclusion . . . .'").

Even assuming Plaintiffs' complaint did satisfy the basic pleading requirements under a Rule 12(b)(6) inquiry, it falls far short of the heightened burden imposed under Rule 9(b). Indeed, as discussed, "Rule 9(b) requires that a complaint alleging fraud state with particularity the circumstances constituting fraud." *Frank v. Dana Corp.*, 547 F.3d 564, 570 (6th Cir. 2008). While Plaintiffs attribute their pleading shortfalls to the lack of discovery, allegations of fraud "cannot be based upon information and belief, except where the relevant facts lie exclusively within knowledge and control of the opposing party, and even then, the plaintiff must plead a particular statement of facts upon which his belief is based." *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 489 (6th Cir. 1990).[3] Here, Plaintiffs make no attempt to substantiate even the most basic elements of their claim. Take, for example, the element of falsity. Plaintiffs allege "[t]here was no basis for the amounts alleged in either foreclosure notice" (Amend. Compl. ¶ 18), and that Defendant "Williams approved and/or signed documents and affirmed the truth of numerous statements which were false when they were made." (*Id.* at ¶ 23). But Plaintiffs fail to provide any facts in support of the first allegation–i.e. what the payoff amount should have been–and fail to identify the

---

[3] Nor can there be any argument that the relevant facts lie exclusively within Defendants' control. Indeed, the bulk of the evidence relevant to Plaintiffs' fraud claim was likely discoverable in the Macomb County Action.

7

substance of the "numerous" false statements. The Sixth Circuit has been clear that Rule 9(b) requires the complaining party to "specify the statements that [plaintiff] contends were fraudulent . . . and explain why . . . ." *Franks,* 547 F.3d at 569-70. And the reason for this is simple- Rule 9(b) was designed to prevent fishing expeditions based on vague allegations sounding in fraud. *See SFS Check, LLC v. First Bank of Delaware*, 774 F.3d 351, 358 (6th Cir. 2014).

Finally, with respect to the elements of knowledge and intent, Plaintiffs fare no better, alleging only that "[w]hen [Defendant] Williams made these statements, he fully intended Harbor to rely upon them to its detriment." (Amend. Compl. ¶ 24). Consistent with many of the same policy reasons previously discussed, "[t]he courts have uniformly held inadequate a complaint's general averment of the defendant's 'knowledge' of material falsity, unless the complaint also sets forth specific facts that make it reasonable to believe that defendant knew that a statement was materially false or misleading." *Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 406 (6th Cir. 2012) (citation omitted). For those reasons, the Court must dismiss Plaintiffs' fraud claims.

## II. CONCLUSION

For the reasons set forth above, the Court hereby GRANTS Defendants' motion to dismiss the complaint. (Dkt. # 7). This order closes the case in its entirety.

SO ORDERED.

       S/Nancy G. Edmunds
       Nancy G. Edmunds

       United States District Judge

Dated:  April 27, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on April 27, 2016, by electronic and/or ordinary mail.

       S/Carol J. Bethel
       Case Manager